THE STATE v. MIZNER.

1. **Schools**: SCHOLARS OVER THE SCHOOL AGE. If a person who has attained his majority of twenty-one years voluntarily attends school, creating the relation of teacher and pupil, he thereby waives any privilege which his age confers and subjects himself to like discipline with those who are within the school age.

2. ———: ———: PUNISHMENT. Such scholar may be punished for refractory conduct, and the teacher may escape liability therefor upon proof that the chastisement was under the circumstances reasonable.

*Appeal from Allamakee District Court.*

THURSDAY, DECEMBER 14.

THE defendant was tried before a justice of the peace, upon an information charging him with the crime of assault and battery, and was convicted. He appealed to the District

Court, where the cause was tried before a jury, and he was again convicted.

The defendant was fined in the sum of ten dollars, and judgment was entered against him therefor, and for the costs of the prosecution. Defendant appeals.

*Stilwell & Baker* and *A. M. May*, for appellant.

*M. E. Cutts*, Attorney General, for the State.

DAY, J.—The prosecuting witness, Ida Brumer, in substance testified that the defendant taught a district school in Rossville, and that she commenced attending his school in the forepart of November, 1874. That, on the 22nd day of December, 1874, whilst she was a pupil in defendant's school, defendant whipped her, in a manner which, from her testimony, appears to be unreasonable and immoderate. She further testified that, at the time she commenced going to school, which was about the 10th day of November, she told the defendant she was twenty years of age, and that, in fact, she was twenty-one years of age on the 25th day of that month.

No testimony was introduced on the part of the State but that of the prosecuting witness. The State having rested, the defendant made the following admissions and offer, to-wit: "It is hereby conceded by the defendant that he whipped Ida Brumer, at the time and place alleged in the information, and that he is guilty of an assault and battery, unless he can show, as he offers to do, that such whipping was reasonable chastisement of said Ida Brumer, in the school, as his pupil, for misconduct in school. Defendant further concedes that said Ida Brumer, at the time of such whipping, had attained her majority." Thereupon the court refused to allow the defendant to prove that the alleged whipping was reasonable chastisement of said Ida Brumer in school, as his pupil, for misconduct in school, holding that, as it was conceded that Ida Brumer had attained her majority at the time of the whipping, the facts which the defendant offered to prove constituted no defense. To this ruling the

defendant excepted. No further evidence being introduced, the court instructed the jury as follows: "If you find from the evidence that the defendant committed an assault and battery upon the prosecutrix, and you further find from the evidence that at the time of the assault the prosecutrix had attained the age of twenty-one years, you are instructed that the defendant had not the lawful right to make the assault and battery as a punishment for disobedience of the orders of the teacher or of the rules of the school." The defendant excepted to this instruction.

The court seems to have recognized the general doctrine that a teacher may, for the maintenance of his authority and the enforcement of discipline, legally inflict reasonable chastisement upon a pupil. Whilst the authorities upon the subject are not numerous, there can, it seems to us, be no doubt of the existence of this right. In 3 Greenleaf on Evidence, section 63, it is said the criminality of a charge of assault and battery may be disproved by evidence showing that the act was lawful; as, if a parent in a reasonable manner corrects his child, or a school master his scholar. See *Landers v. Seaver* 32 Verm., 114; *Commonwealth v. Randall*, 4 Gray, 36.

The court denied the right of the defendant in this case to inflict corporal punishment to any extent upon the prosecuting witness, because she was twenty-one years of age. A parent may lawfully correct his child, being under age, in a reasonable manner. 1 Blackstone, 452; 2 Kent's Commentaries, 203. If the court intended to deny the right of the defendant to chastise the prosecuting witness because the same limitation is imposed upon a teacher as upon a parent, the right to inflict corporal punishment should, in this case, have been denied upon reaching the age of eighteen, for then the prosecuting witness attained her majority. Code, 2237. Schools are provided for the instruction of youth between the ages of five and twenty-one years. Code, section 1727. If the right of a teacher to inflict corporal punishment is correlative simply with the right of a parent, it follows that in every school there may be a privileged class of young ladies, between the ages of eighteen and

1. SCHOOLS: scholars over the school age.

twenty-one years, entitled to all the privileges of the school, but not subject to the same discipline and authority as the other pupils. It is quite apparent that such a condition of things might destroy the authority of the teacher and be utterly subversive of good order. But, as the court fixed the age of twenty-one years, it is probable that he had in view, not any analogy between teacher and parent, but the ages of those who might lawfully attend school. Only youth between the ages of five and twenty-one years are, of right, entitled to attend the public schools.

But, if a child a few months younger than five years should, by misrepresenting his age, or by mere sufferance, be allowed to attend school and enjoy its privileges and advantages, would a teacher be liable to a prosecution for assault and battery, if he should inflict reasonable and moderate chastisement upon such pupil for conduct tending to destroy the order of the school and lessen the means of imparting instruction to others? Manifestly, it seems to us, he would not. And, if a person a few months more than twenty-one years of age should, by the like sufferance or misrepresentation, be allowed to become a pupil in a school, upon what principle could such person claim all the privileges and advantages which belong only to persons under the age of twenty-one years, and at the same time be granted immunity from the reasonable corporal inflictions which may legally be imposed upon a person under twenty-one years of age? A person over twenty-one years of age becomes a pupil only of his own voluntary act. If he does so, and thus of his own will creates the relation of teacher and pupil, and claims privileges and advantages belonging only to those under age, he thereby waives any privilege which his age confers. These views are fully sustained by the case of *Stevens v. Fassett*, 27 Maine, 266. In this case, on page 287, the court say: "But it is insisted that, if such is the authority of the teacher over one who is in legal contemplation a scholar, the same cannot apply to the case of one who has no right to attend the school as a pupil. It is not necessary to settle the question whether one living in the district and not being between the ages of four

The State v. Mizner.

and twenty-one years can, with propriety, require the instruc-
tion of town schools. If such does present himself as a pupil,
is received and instructed by the master, he cannot claim the
privilege, and receive it, and at the same time be subject to
none of the duties incident to a scholar. If disobedient, he
is not exempt from the liability to punishment, so long as he
is treated as having the character which he assumes. He
cannot plead his own voluntary act, and insist that it is illegal,
as an excuse for creating disturbances, and escape consequences
which would attach to him either as a refractory, incorrigible
scholar, or as one who persists in interrupting the ordinary
business of the school."

The prosecuting witness in this case, although within fifteen
days of being twenty-one years old, told the defendant that
2. ——: ——: she was twenty years of age. This could have
punishment. been done for no other purpose but that of deceiv-
ing the defendant as to her age, and securing privileges and
advantages to which the law did not entitle her. She volun-
tarily assumed the position of pupil, claimed its rights, and
took upon herself its duties, and she thereby conferred upon
her teacher his correlative rights and duties. The court should
have permitted the defendant to prove that the whipping was
a reasonable chastisement of the prosecuting witness, as his
pupil, for misconduct in school, and should have left it to the
jury to determine whether or not the whipping was, under
all the circumstances, reasonable.

In rejecting the testimony offered, and in giving the instruc-
tion complained of, the court erred.

REVERSED.